UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GARDEN DISTRICT** | **CIVIL ACTION** |
| **CONDOMINIUMS, L.L.C.** | |
| | |
| **VERSUS** | **NO:  07-6398-KDE-SS** |
| | |
| **FIDELITY NATIONAL** | |
| **INSURANCE COMPANY, et al** | |

## ORDER

DEFENDANT'S RULE 12(e) MOTION TO CLARIFY COMPLAINT OR IN THE ALTERATIVE RULE 12(F) MOTION TO STRIKE (Rec. doc. 3)

**DENIED**

Before the undersigned is the motion of the defendant, Fidelity National Property and Casualty Insurance Company ("FNPAC"), pursuant to Fed. R. Civ. P. 12(e), to clarify pleadings or in the alternative motion, pursuant to Fed. R. Civ. P. 12(f), to strike allegations.

On August 28, 2007, the plaintiff, Garden District Condominiums, LLC ("GDC"), filed a petition in state court against two defendants, Fidelity National Insurance Company ("FNIC") and Fidelity National Property and Casualty Insurance Company ("FNPAC").  GDC alleges that the defendants had a policy of insurance covering flood damage on its property in Orleans Parish. GDC's petition refers to policy no. 17-2510144336-01.  Attached to the petition is a flood declarations page issued by FNIC for that policy number.  It contains no reference to FNPAC.  The remaining allegations do not contain any reference to FNPAC.

The only allegation that implicates FNPAC is paragraph 4 in which GDC alleges that,

"[d]efendants, had in full force and effect a policy of insurance covering flood damages . . . (with) number being: 17-2510144336-01." The short response to this allegation for FNPAC is "Denied."

A motion for a more definite statement is not favored and the motion is granted sparingly. 2 James Wm. Moore, et al., Moore's Federal Practice ¶ 12.36[1] (3d ed. 1997). "In the presence of proper, although general, allegations, the motion will usually be denied on the grounds that discovery is the more appropriate vehicle or obtaining the detailed information." Id. A claim for relief is only required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a). In Walker v. South Central Bell Telephone Co., 904 F.2d 275 (5th Cir. 1990), the Fifth Circuit said:

> A complaint may be inadequate in one of two fashions. First, the pleadings must provide notice of the circumstances which give rise to the claim. Second, the pleader must set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.

Id. at 277. While GDC does not demonstrate any basis for the statement that FNPAC, along with FNIC, issued policy no. 17-2510144336-01, the petition satisfies the requirements described in Walker.

With its opposition to the motion, GDC provided a second copy of the declarations page with a privacy statement attached to it. The privacy statement is issued on behalf of the Fidelity National Financial Group of Companies, which includes four companies. Two of these are FNIC and FNPAC. GDC states, "[t]herefore Plaintiff had a reasonable basis to believe that Defendant, FNPAC, may be a proper party before this Court." Rec. doc. 6. This is a slender reed for GDC to assert that it had a reasonable basis to name FNPAC as a defendant. The issue of GDC's compliance

with Fed. R. Civ. P. 11, however, is not before the undersigned.

IT IS ORDERED that Fidelity's motion to clarify and/or strike allegations (Rec. doc. 3) is DENIED.

New Orleans, Louisiana, this 19th day of November, 2007.

                                                          **SALLY SHUSHAN**
**United States Magistrate Judge**