UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GARDEN DISTRICT CONDOMINIUMS, L.L.C. | CIVIL ACTION |
| VERSUS | NO. 07-6398 |
| FIDELITY NATIONAL INSURANCE COMPANY | SECTION "N" (1) |

**<u>ORDER AND REASONS</u>**

Presently before the Court is "Defendant Fidelity Insurance Company's Motion for Summary Judgment" (Rec. Doc. 19). At issue is Plaintiff's standing, as an assignee, to assert an "Increased Cost of Compliance" (ICC) claim under a Standard Flood Insurance Policy ("SFIP") issued by Defendant, as a WYO carrier participating in the National Flood Insurance Program ("NFIP").

The property that is the subject of this suit suffered flood damage as result of Hurricane Katrina. At that time, the property was owned by Mrs. Gayle Cosgrove, widow of Robert Cosgrove, and Mr. Cosgrove's heirs (hereinafter, "the Cosgroves"). The Cosgroves submitted an ICC claim, purportedly on Plaintiff's behalf, for the subject property on December 15, 2006. Thereafter, on December 21, 2006, the Cosgroves conveyed ownership of the property to Plaintiff, "thereby conveying, assigning, and transferring all rights to the Property including ICC."

In seeking dismissal of Plaintiff's suit, Defendant contends that the Cosgroves' assignment of the ICC claim violates 31 U.S.C. §3727, which is commonly referred to as the "Anti-

Assignment Act." Having carefully reviewed the parties' memoranda, and the legal authorities cited therein, the Court agrees with Defendant. Although not binding authority, the Court finds the analysis set forth in *Diamond v. FEMA*, 689 F. Supp.163, 166-68 (E.D.N.Y. 1988) persuasive. There, the court applied §3727 to an assignment of a flood damages claim under a NFIP policy. Despite not being directly on point, the Supreme Court's decisions in *United States v. Shannon*, 342 U.S. 288, 291-94 (1952), and *United States v. Aetna Casualty & Surety Company*, 338 U.S. 366, 368-83 (1949), provide support for the *Diamond* court's decision. Thus, given that Plaintiff has not put forth summary judgment evidence of a written assignment effected in accordance with the procedures established by §3727(b) – that is, *after* the submitted ICC claim has been allowed and a warrant for payment of the claim issued – it presently is not entitled to receive any ICC benefits relative to the property that is the subject of this suit.

The Court recognizes that, to some extent, this ruling may discourage or slow the remediation and return to commerce of some flood damaged property in this area. Remedying that regrettable result, however, is for Congress and/or the Administrator of the National Flood Insurance Program,[1] not this Court or Defendant, to do.

---

[1] Under the NFIP, Plaintiff may request a written waiver of this restriction from the Administrator of the program. To the extent that Plaintiff has submitted, or plans to submit, such a request, this Order should have no adverse impact on the likelihood of that request being granted. Rather, it addresses only the extent of the relief that can be provided by this Court.

Given the foregoing, **IT IS ORDERED** that Defendant Fidelity Insurance Company's Motion for Summary Judgment" (Rec. Doc. 19) is **GRANTED**.

New Orleans, Louisiana, this 20thday of January 2009.

                                                  **KURT D. ENGELHARDT**
                                                  **UNITED STATES DISTRICT JUDGE**